CITY OF COLUMBUS, APPELLEE, *v.* GANTNER, APPELLANT.

(No. 4396—Decided September 20, 1950.)

*Mr. Richard W. Gordon,* city attorney, and *Mr. Glenn E. Kemp,* for appellee.

*Mr. W. S. Lyman,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Municipal Court of Columbus, convicting the defendant, appellant, of the offense of having on his person and in his possession a memorandum of a wager, some sheets and other devices for recording wagers upon a contest of speed, to wit, horse racing, contrary to the ordinance of the city of Columbus.

The defendant assigns as error that the trial court erred in overruling defendant's motion to quash the affidavit and to suppress the evidence and in overruling defendant's motion for new trial.

The contention of the defendant is based on the premise that the court did not have jurisdiction, that the evidence was illegally obtained and that the arrest was illegal. The gist of defendant's contention is that the police officers of the city of Columbus may not make an arrest on the Statehouse grounds for an alleged violation of an ordinance of the city of Columbus.

The defendant cites in support of his contention Section 154-41, General Code, which prescribes the authority of the Department of Public Works of the state of Ohio. The pertinent part of this section reads as follows:

"* * * The department shall keep the Statehouse, grounds and appurtenances constantly' protected and in order, except that the legislative halls shall be under the control of the General Assembly. A competent number of employees of the department shall be designated as policemen, and' as such shall take an oath of office, wear a proper uniform and a badge of office, have the same authority to make arrests as policemen of cities, and shall deliver all persons arrested by them to the police authorities of the city of Columbus to be dealt with as those arrested by the police of said city."

The defendant contends that under this section ex-

clusive jurisdiction over the Statehouse grounds is given to the Department of Public Works. We do not agree. This section does not deprive the city of Columbus of the exercise of police regulations over the Statehouse grounds which lie within the territorial limits of the municipality. This section provides for additional police protection to the Statehouse, the grounds and appurtenances. In the enactment of this section the Legislature did not intend to deprive the city of Columbus of its proper exercise of all powers of local self-government and its authority to enforce within its limits such local police regulations as are not in conflict with general laws, granted to it under Section 3 of Article XVIII of the Ohio Constitution.

The provisions of Section 14222, General Code, under which the land on which the Statehouse is located was conveyed to the state of Ohio and accepted by the state, does not carve out of the territorial limits of the city of Columbus a portion thereof over which the city of Columbus may not exercise its powers of local self-government and enforce its police regulations. The arrest was legal, the court had jurisdiction and the motions to quash the affidavit and suppress the evidence and for a new trial were properly overruled.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.