The Honorable John Vratil State Senator, 11th District 9534 Lee Blvd. Leawood, Kansas 66206
Dear Senator Vratil:
You inquire whether a city or county can enact local legislation to prohibit "ticket scalping" and whether such an ordinance or resolution can be enforced on private property, state-owned property and on federal highways.
As you know, cities and counties enjoy home rule power to determine their local affairs and government by enacting local legislation.[1]
Home rule is restricted only where there is an enactment that applies uniformly to all cities or counties, as the case may be.[2]
Our understanding of "ticket scalping" is that it is a practice where a person resells a ticket to an entertainment or sporting event for a price in excess of the price printed on the ticket. Legislation introduced last session which would have criminalized such activity failed to become Kansas law.[3] Because city and county home rule encompass broad police power regulation,[4] and because there currently is no uniform enactment on scalping, it is our opinion that cities and counties may enact legislation prohibiting ticket scalping if a governing body concludes that such activity is detrimental to the peace, health, safety, and welfare of its citizens.
Generally, ordinances and resolutions can be enforced against all persons within the respective boundaries of the governmental entity:[5]
 "Ordinances can operate within the confines of private premises as well as within the borders of municipal property; they can and do operate on persons and property in private as well as public places. Indeed, it cannot be questioned that the city has power to provide reasonable regulations respecting the use of private property in order to prevent such property, or its use, from becoming annoying or detrimental to the life or limb or health of any who may be in the city. Its jurisdiction in this respect may be extended to any place within its limits."[6]
A board of county commissioners has the power to "enforce all resolutions passed pursuant to county home rule power."[7] Kansas sheriffs can arrest for violations of county resolutions "anywhere within the county."[8] City law enforcement officers can arrest "anywhere within the city limits."[9] The district courts have jurisdiction to hear violations of county resolutions and municipal courts have jurisdiction over violations of city ordinances.[10]
While there are no Kansas appellate court decisions concerning the enforcement of a municipal ordinance on state-owned property, the Ohio Court of Appeals has addressed this issue. In City of Columbus v.Gantner,[11] the defendant challenged his conviction for violating an ordinance that prohibited horse race wagering by arguing that the municipal court had no jurisdiction because the defendant was arrested on the grounds of the state capitol which was located within the city's boundaries. The defendant contended unsuccessfully that the state had exclusive jurisdiction by virtue of statutes that provided for policing the grounds by state employees. The Ohio Court of Appeals disagreed and concluded that the statutes in question did not deprive the City of Columbus from enforcing its police regulations on statehouse grounds.
Enforcing a ticket scalping ordinance on state-owned property is different from the situation in State ex rel. Schneider v. City of KansasCity[12] where the City attempted to require the State of Kansas to abide by the City's building code. In that case, the Kansas Supreme Court concluded that the City of Kansas City could not require the State to abide by the City's building code because the State already had a comprehensive set of building codes and regulations. In the ticket scalping situation, a city or a county is not requiring the state, as an entity, to comply with such local legislation. Rather, if a city/county prohibits this kind of activity, individuals who violate this local legislation may subject themselves to prosecution regardless of whether the illegal activity occurs on private property or state-owned property.
Regarding the enforcement of local legislation prohibiting ticket scalping on federal highways, we see no impediment in the absence of federal regulation in this area which would raise Supremacy Clause[13]
issues. In Hillsborough County, Florida v. Automated MedicalLaboratories,[14] an operator of a blood plasma center challenged local legislation that placed restrictions on blood donors on the grounds that federal law preempted the County from legislating in this area. The United States Supreme Court concluded that while the Supremacy Clause applies to local legislation, there is a presumption that state and local regulation of matters related to health and safety are not invalidated under the Supremacy Clause unless Congress exhibits a "clear and manifest purpose" to "supersede the historic police powers of the States."[15]
Our research detected no federal law that addresses ticket scalping on federal highways and, therefore, in the absence of such legislation, cities and counties may enforce ticket scalping ordinances/resolutions on federal highways.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] Kan. Const. Art. 12, § 5; K.S.A. 1999 Supp.19-101a, as amended by L. 2000, Ch. 159, § 2.
[2] Blevins v. Hiebert, 247 Kan. 1, 5 (1990).
[3] 2000 Substitute for House Bill No. 2653.
[4] McCarthy v. City of Leawood, 257 Kan. 566, 584 (1995); Cardarellav. City of Overland Park, 228 Kan. 698, 702 (1980); Heim, Home Rule Powerfor Cities and Counties in Kansas, 66 Journal of the Kansas Bar Association, 26 (January, 1997).
[5] 62 C.J.S. Mun. Corp. § 156, 443; McQuillan, Mun. Corp. §§ 24.55 and 15.31 (3rd Ed).
[6] McQuillan, Mun. Corp. § 15.32 (3rd Ed).
[7] K.S.A. 1999 Supp. 19-101d.
[8] K.S.A. 1999 Supp. 22-2401a.
[9] Id.
[10] K.S.A. 1999 Supp. 19-101d; K.S.A. 12-4104.
[11] 98 N.E.2d 75 (Ohio, 1950).
[12] 228 Kan. 25 (1980).
[13] U.S. Const., Art. VI, Cl. 2 invalidates state laws that interfere with, or are contrary to, federal law.
[14] 105 S.Ct. 2371, 471 U.S. 707, 85 L.Ed.2d 714 (1985).
[15] Id. at 2376.